**NOT FOR PUBLICATION**

FILED

SEP 02 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUE BING HUANG, | No. 13-71190 |
| Petitioner, | Agency No. A070-169-278 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015[**]

Before:      McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Hue Bing Huang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his motion to reopen deportation

proceedings conducted in absentia.  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to reopen, *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011), and we deny the petition for review.

The agency did not abuse its discretion in denying Huang's motion to reopen on the grounds that notice was proper and that Huang failed to rebut the strong presumption of effective service arising from the service of his hearing notice by certified mail. *See* 8 U.S.C. § 1252b(a)(1)(F) (1994) (repealed) (obligation to notify court of address change); *see also id.* § 1252b(a)(2)(A), (c)(1) (written notice is considered sufficient if sent to the most recent address provided).

To the extent Huang contends he failed to appear due to exceptional circumstances, the BIA did not abuse its discretion in denying his motion as untimely where he waited seventeen years to file a motion to reopen, *see* 8 C.F.R. § 1003.23(b)(4)(ii) (motion to reopen in absentia proceedings generally must be filed within 180 days of the removal order), and he did not establish the due diligence required for equitable tolling of the filing deadline where he admits he purposefully evaded numerous opportunities to redress his in absentia order, *see* *Avagyan*, 646 F.3d at 678-80.

In addition, the agency did not abuse its discretion in denying where Huang failed to establish that reopening was warranted based on a claim of changed country conditions in China. *See* 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii); *Avagyan*, 646

F.3d at 678 ("The BIA abuses its discretion when its decision is arbitrary, irrational, or contrary to law." (internal quotation marks and citation omitted)).

Huang's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED.**